UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIDWEST LIBRARY SERVICE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:03CV270 TIA |
| ) | |
| FURUKAWA INFORMATION ) | |
| TECHNOLOGIES, INC., and ) | |
| TAKASHI FURUKAWA, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Takashi Furukawa's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, New Trial or to Alter or Amend the Judgement and Defendant Furukawa Information Technologies, Inc.'s Renewed Motion for Judgment as a Matter of Law or, in the Alternative, New Trial or to Alter or Amend the Judgement. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

### **Background**

On October 5, 2004, after a two day trial, a jury returned a verdict in favor of Plaintiff Midwest Library Service, Inc. ("Midwest") on its claims for unjust enrichment and money had and received. Midwest filed a complaint against Defendants Takashi Furukawa ("Furukawa") and Furukawa Information Technologies, Inc. ("FIT") after Furukawa presented an altered check drawn on Midwest's account and deposited the money in FIT's corporate account. The jury awarded Midwest $187,000.00, plus interest, which was the altered amount debited from Midwest's account.

At the close of Plaintiff's case, Defendants presented written and oral motions for judgment as a matter of law, which the Court denied. In addition, Defendants renewed the motion for judgment

as a matter of law at the close of Defendants' case. The Court also denied this motion. On October 20, 2004, Defendants filed renewed motions on behalf of each defendant individually, asking for judgment as a matter of law or, alternatively, for a new trial or for the Court to alter or amend the judgment.

## Judgment as a Matter of Law

Under Federal Rule of Civil Procedure 50(a)(1), "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law . . ." In reviewing a motion for judgment as a matter of law, the court must "consider the evidence in the light most favorable to the verdict, giving the prevailing party the benefit of all reasonable inferences . . . and [it] will not judge the credibility of witnesses or weigh the evidence." Conseco Finance Servicing Corp. v. North American Mortgage Co., 381 F.3d 811, 818 (8th Cir. 2004) (citations omitted). Further, a court will only set aside a jury verdict where "there is complete absence of probative facts to support the verdict." Id.

## Unjust Enrichment

Defendants contend that they are each entitled to judgment as a matter of law because the evidence was insufficient to support the verdict for unjust enrichment. Midwest responds that the jury had ample evidentiary support to return a verdict for Midwest on its unjust enrichment claim. The undersigned agrees that sufficient evidence supports the verdict finding that Furukawa and FIT were unjustly enriched.

At the outset, the undersigned will address Furukawa's argument that Midwest did not present sufficient evidence for the jury to "pierce the corporate veil." Defendant Furukawa contends

2

that, while he is a shareholder and the president of FIT, they are separate legal entities. As such, Furukawa maintains that Plaintiff failed to sufficiently show that Mr. Furukawa had the requisite control and that he used the corporate cloak to commit a wrong.

The undersigned will decline to address this point, as Furukawa did not preserve the argument for post-trial consideration. A post-trial motion for judgment as a matter of law may only advance grounds raised in the pre-verdict motion. Belk v. City of Eldon, 228 F.3d 872, 877, n.3 (8th Cir. 2000); see also Conseco Finance Servicing Corp. v. North American Mortgage Co., 381 F.3d 811, 821 (8th Cir. 2004) (stating that a post-trial motion for JAML may not raise additional grounds that were not raised in the pre-verdict motion). A movant cannot use a renewed motion for JAML after trial to introduce a legal theory that the movant did not distinctly articulate in his pre-verdict motion. Id. (citations omitted). Technical precision is not necessary in stating grounds for the motion so long as the trial court is aware of the movant's position. Rockport Pharm., Inc. v. Digital Simplistics, Inc., 53 F.3d 195, 197-198 (8th Cir. 1995) (holding that trial court erred in refusing to consider post-judgment JAML argument that was somewhat different from the duty-of-care ground advanced in the pre-verdict motion, but the grounds were inextricably intertwined).

In the instant case, Defendant Furukawa did not advance his "piercing the corporate veil" argument in the pre-verdict motions for JAML. Indeed, he merely stated that Midwest failed to present sufficient evidence on the four counts presented during trial. Further, during oral argument, Defendants asserted that they should be treated separately because only FIT, not Furukawa committed the act. However, they did not argue that Plaintiff failed to present evidence sufficient to pierce the corporate veil, which allows the court and jury to disregard the corporate entity and hold the owners liable only under narrow circumstances. See 66, Inc. v. Crestwood Commons

3

Redevelopment Corp., 998 S.W.2d 32, 40 (Mo. banc 1999) (holding that a court will pierce the corporate veil where a party shows: (1) complete domination of the corporation; (2) control used to commit a fraud or wrong; and (3) injury or unjust loss proximately caused by the control and breach of duty).

"The purpose of requiring the moving party to articulate the ground on which the Rule 50 judgment is sought 'is to give the other party an opportunity to cure the defects in proof that might otherwise preclude him from taking the case to the jury.'" Conseco, 381 F.3d at 821 (quoting Galdieri-Ambrosini v. National Realty & Dev. Corp., 136 F.3d 276, 286 (2d Cir. 1998)). Further, "if specificity is lacking, judgment as a matter of law may neither be granted by the district court nor upheld on appeal" except to prevent manifest injustice. Id. (citations omitted). Defendants have not demonstrated such a manifest injustice would occur if the court did not grant judgment as a matter of law.[1] Therefore, the undersigned finds that defendants did not preserve the "piercing the corporate veil" argument for post-trial review.

With regard to Defendants' argument that Plaintiff failed to prove unjust enrichment, the undersigned will discuss Defendant Furukawa and Defendant FIT simultaneously. "'Unjust enrichment occurs where a benefit conferred upon a person in circumstances in which retention by him of that benefit without paying its reasonable value would be unjust.'" Zipper v. Health Midwest, 978 S.W.2d 398, 412 (Mo. App. 1998) (quoting Employers Ins. of Wausau v. Crane Co., 904 S.W.2d 460, 462 (Mo. App. 1995)). Unjust enrichment is based on a theory of contract implied in

---

[1] While the Defendants did not give the Plaintiff the opportunity to address the "piercing the corporate veil" argument during trial, the undersigned notes that Plaintiff adduced evidence at trial indicating that Defendant Furukawa was a shareholder of over 80% and the sole officer of FIT. Further, Furukawa testified that he exercised control over the company.

4

law. White v. Camden County Sheriff's Dep't, 106 S.W.3d 626, 634 (Mo. App. 2003) (citation omitted). The elements of a contract implied in law are: "(1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; and (3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable." Zipper, 978 S.W.2d at 412 (citation omitted).

Defendants argue that Plaintiff Midwest failed to present evidence that it conferred a benefit on either FIT or Furukawa. Defendant FIT maintains that it immediately transferred the money to unrelated third parties after its account was credited. Therefore, FIT did not receive a benefit. In addition, Defendant Furukawa asserts that he never personally received any benefit, as the check was made out to FIT and deposited in FIT's account.

The undersigned finds that the evidence was sufficient for the jury to find that FIT and Furukawa were unjustly enriched. Plaintiff demonstrated that FIT received an altered check from Midwest in the amount of $187,000.00. Furukawa cashed that check and deposited the money into FIT's account. He then used the money in order to obtain a personal loan in excess of 28 Million Dollars from the South African Government. While this loan turned out to be a scam, the evidence was sufficient for a jury to determine that Defendants received a benefit in the amount of $187,000.00; appreciated that benefit such that they used the money in an attempt to secure more money; and accepted and retained that money, even if the time was brief. Defendants have failed to present any case law in support of their argument that because Defendants subsequently transferred the money yet received nothing in return, they did not receive a benefit.

Further, Defendants have not presented case law to support the assertion that because Defendants were the victim of a scam, they did not retain the money. The undersigned agrees with

5

the Plaintiff that Defendants' decision to transfer the money wrongfully obtained does not negate liability. "[T]he essence of unjust enrichment lies in the fact that the defendant has received a benefit which it would be inequitable for him to retain" at the expense of the plaintiff. Patrick V. Koepke Constr., Inc. v. Woodsage Constr. Co., 844 S.W.2d 508, 515 (Mo. App. 1992). The focus does not extend to the actions Defendants took subsequent to receiving and retaining the benefit. Therefore, the undersigned finds that the Plaintiff presented sufficient evidence for the jury to find that Defendant was unjustly enriched. Defendants' motion for judgment as a matter of law on this point is denied.[2]

## Money Had and Received

Likewise, the Court will uphold the jury's verdict against Defendants on Midwest's claim for money had and received. "An action for money had and received will lie when the defendant received money from or for the plaintiff that belongs in good conscience to the plaintiff ." Dickey v. Royal Banks of Missouri, 111 F.3d 580, 583 (8th Cir. 1997); see also Salisbury R-IV Sch. Dist. v. Westran R-I Sch. Dist., 686 S.W.2d 491, 497 (Mo. App. 1984) (holding that money had and received requires that "one has money in hand which belongs to another, and which, in equity and good conscience the other should pay over) .

Defendants maintain that Plaintiff failed to submit evidence showing that Defendants had

---

[2] Defendant also claims that it was not unjustly enriched at Midwest's expense, as Cass Commercial Bank paid Midwest 93,500.00. However, the evidence at trial demonstrated that, should Midwest receive the $187,000.00 from Defendants, Midwest would split equally the money with Cass Commercial Bank such that both Midwest and Cass would be reimbursed for the loss they suffered. Thus, the undersigned finds that there is no merit to Defendants' argument that Midwest would receive more than it is entitled. In addition, Defendants' assertion that Midwest contributed to the alteration is without merit. "'[A] payor's lack of care will not diminish his right to recover, or somehow justify retention of the windfall by an unintended beneficiary.'" Blue Cross Health Servs., Inc. v. Sauer, 800 S.W.2d 72, 76 (Mo. App. 1990) (quoting Western Cas. & Sur. Co. v. Kohm, 638 S.W.2d 798, 801 (Mo. App. 1982)). Thus, even if Midwest was somehow at fault, this does not constitute a defense. Id.

money in hand that belonged to Plaintiff Midwest because FIT immediately paid the money to third parties. On the other hand, Plaintiff asserts that the evidence sufficiently demonstrated that Defendants applied for and obtained a check written to FIT, negotiated the check, and deposited the proceeds in its corporate account. Plaintiff argues that the fact that Defendant Furukawa transferred the funds to a third party is irrelevant. The undersigned agrees with the Plaintiff that a jury could reasonably find for Midwest on its money had and received claim. Defendants have not presented case law supporting their assertion that because Defendants paid out the money, Plaintiff's claim must fail. Therefore, Defendants' motion for judgment as a matter of law on the money had and received count is denied.

## Motion for New Trial

Defendants FIT and Furukawa also move for a new trial under Federal Rule of Civil Procedure 59(a), which provides: "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Under federal law, "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996) (citations omitted).

First, Defendants re-assert their claims with regard to the counts for unjust enrichment and money had and received, arguing that the insufficiency of the evidence on these counts warrants a new trial. For the reasons stated above, the Court finds that sufficient evidence supports the jury's verdict and that Defendants' motion for a new trial on this ground will be denied.

Next, Defendants contend that the verdict against Defendants is excessive because Plaintiff

7

already received half of the requested amount from Cass Commercial Bank. Defendants' argument fails, however, because the evidence adduced at trial indicated an agreement between Plaintiff Midwest and Cass Bank to split the proceeds of the lawsuit equally. Thus, Plaintiff would only retain $93,500.00 such that it would recover the entire $187,000.00 debited from its account. The undersigned therefore finds that the amount of the verdict is not excessive, and Defendants are not entitled to a new trial on this basis.

Finally, Defendants argue that this Court should grant a new trial because the verdict directors and the verdict forms were in error and prejudiced Defendants. The Plaintiff maintains that Defendants have failed to show how they were prejudiced by the instructions which combined Defendant Furukawa and Defendant FIT. The undersigned agrees that Defendants are not entitled to a new trial on this basis.

"District courts have broad discretion in formulating jury instructions . . ." Mattke v. Deschamps, 374 F.3d 667, 671 (8th Cir. 2004) (citation omitted). In addition, review of the instructions "'is limited to determining whether the instructions, when taken as a whole and in light of the particular issues presented, fairly and adequately presented the evidence and applicable law to a jury.'" Id. (quoting Lighting & Power Servs., Inc. v. Roberts, 354 F.3d 817, 819 (8th Cir. 2004)). A court will reverse for an instructional error where "the error affected the substantial rights of the parties." Lighting & Power Servs., Inc. v. Roberts, 354 F.3d 817, 819 (8th Cir. 2004) (citation omitted).

As previously stated, Defendants waived the "piercing the corporate veil" argument, as they

did not raise it in the pre-verdict written or oral motions.[3] Nevertheless, Plaintiff Midwest presented ample evidence indicating that Defendant Furukawa was an 80% shareholder and the sole officer of FIT, who exercised control over the corporation. Further, while the check was made out to the company, Furukawa used that money to secure a loan for himself. Thus, the jury could properly render a verdict against Defendants on Midwest's unjust enrichment and money had and received claims. Indeed, Defendants do not contest the substantive law contained in the instructions, only the combining of Defendants and the alleged prejudice associated with the verdict directors and form. The undersigned finds that Defendants have failed to demonstrate the requisite prejudice in submitting the instructions. Additionally, they have not met their burden under Federal Rule of Civil Procedure 59 of showing that a miscarriage of justice occurred. Therefore, the Court will deny Defendants' Motion for a New Trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Furukawa Information Technologies, Inc.'s Renewed Motion for Judgment as a Matter of Law or, in the Alternative, New Trial or for the Court to Alter or Amend the Judgment Pursuant to Rule 59(e) [Doc. #60] is **DENIED.**

---

[3] Under Rule 51(c)(1) of the Federal Rules of Civil Procedure, "[a] party who objects to an instruction or the failure to give and instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." Review of the objections on the record reveals that Defendants did not object on the grounds that Plaintiff failed to demonstrate that the corporate veil should be pierced. As previously stated, piercing the corporate veil is a narrow area of law, and neither the Plaintiff nor the Court had the opportunity to address this prior to submission to the jury.

**IT IS FURTHER ORDERED** that Defendant Takashi Furukawa's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, New Trial or for the Court to Alter or Amend the Judgment Pursuant to Rule 59(e) [Doc. #62] is **DENIED.**

                                          /s/ Terry I. Adelman
                                   UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of July, 2005.